# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| BRANDON CHE LEE, | ) | |
|     Plaintiff, | ) | |
| v. | ) | 2:16-cv-01970-JCM-VCF |
| TO BE NAMED et al., | ) | **ORDER** |
|     Defendants. | ) | |

## I.  DISCUSSION

On August 22, 2016, this court ordered plaintiff to: (1) file a fully complete application to proceed *in forma pauperis*, on the correct form with complete financial attachments in compliance with 28 U.S.C. § 1915(a); or (2) pay the full $400 fee for filing a civil action (which included the $350 filing fee and the $50 administrative fee). (ECF No. 3 at 2). On September 20, 2016, plaintiff filed a letter with this court and explained that he was having trouble obtaining a copy of his certified prison account. (ECF No. 6 at 1).

After reviewing plaintiff's filings, the court now dismisses this case. When plaintiff initiated this lawsuit, plaintiff was housed at Nevada Southern Detention Center in Pahrump, Nevada. (ECF No. 1-1 at 1). In his two-page complaint to the court, plaintiff alleged that he was being unlawfully detained through a fake indictment and judgment in case no. SACR 07-207AG from the central district of California in Santa Ana, California. (*Id.*). Plaintiff alleged that he had been illegally arrested and that Judge Andrew Guilford had sentenced him to 20 years under a fake indictment. (*Id.*). Plaintiff sought release from the custody of the U.S. Bureau of Prisons ("BOP"). (*Id.* at 1-2). Plaintiff is now incarcerated at the U.S. penitentiary in Atlanta. (ECF No. 6 at 1). In his letter to the court, plaintiff again seeks immediate release from his illegal detention. (*Id.*).

"A federal prisoner who is 'claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States,' 28 U.S.C. § 2255(a), may file a § 2255 motion with the district court that imposed the sentence." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). "As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Id.*

In this case, plaintiff is attempting to challenge the legality of his federal detention. Accordingly, plaintiff must file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence by a person in federal custody. Based on plaintiff's allegations, he should file a motion to vacate in the U.S. District Court for the Central District of California (Southern Division) with the Honorable Andrew J. Guilford. The court now dismisses the instant case.

## II.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the court dismisses the case in its entirety.

IT IS FURTHER ORDERED that plaintiff is directed to file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence by a person in federal custody with the U.S. District Court for the Central District of California (Southern Division) with the Honorable Andrew J. Guilford.

IT IS FURTHER ORDERED that the clerk of the court shall close this case.

DATED: November 1, 2016.

*James C. Mahan*
United States District Judge